RECEIVED

MAR 2 1 2007

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

UNITED STATES OF AMERICA
    Plaintiff,

v.

Criminal Docket No. A02-0103-08-CR (HRH)
Honorable Judge H. Russel Holland

JUAN CRUCEY
    Defendant,    /

## DEFENDANT'S MOTION TO RETURN PROPERTY

NOW COMES, Juan Crucey (Hereinafter "Defendant"), proceeding pro se, and moves the Honorable Court pursuant to Federal Rules of Criminal Procedure 41(g) for the entry of an Order to return Defendant's property. In support thereof Defendant says as follows:

1) Fed.R.Crim.P. 41(g) states in pertinent part: A person aggrieved by an unlawful search or seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized.

2) On November 7, 2002, Defendant was arrested and his residence was searched by agents of the Drug Enforcement Administration.

3) The government seized a number of documents and miscellaneous items from your Defendant's residence, i.e., A) Dominican Republic Passport; B) State of New York

Driver's license; C) Resident Card (Green Card); and D) Social Security Card.

4) Defendant was indicted by a federal grand jury on one count of Conspiracy to Possess and Distribute Controlled Substance in violation of 21 U.S.C § 841, 846(a)(1), and three counts of money laundering in violation of 18 U.S.C § 1956(a)(1).

5) On January 7, 2004, the Court sentenced your Defendant to a 70-month term of imprisonment to be follwed with 5 years of supervised release.

6) In United States v. Fitzen, 80 F.3d 387, 388 (9th Cir. 1996), our Ninth Circuit Court of Appeals explained that "[w]here...the government no longer needs the [seized] property as evidence, the defendant is **presumed to have the right to the return of his property.**" (Boldface emphasis added).

7) It is respectfully submitted that your Defendant's criminal case is considered closed before the district Court. It is of no consequence that your Defendant's seized documents cannot be returned. His seized items were neither utilized as evidence against him nor were they forfeited as a result of your Defendant's immediate conviction.

**Wherefore,** for the foregoing reasons, Defendant respectfully moves this Honorable Court to enter an Order directing the United States Attorney's Office to return the seized property.

Respectfully submitted,

Dated: 3-14-07

*[signature]*
Juan Crucey #14535-006
FCI-Fort Dix, Unit 5751
P.O. Box 2000
Fort Dix, New Jersey 08640

As to the foregoing, Defendant swears the facts herein are true and correct to the best of his knowledge and belief under the penalty of perjury, per 28 U.S.C § 1746.

*[signature]*

## CERTIFICATE OF SERVICE

I, Juan Crucey, hereby certify that a true copy of the foregoing **DEFENDANT'S MOTION TO RETURN PROPERTY** has on this date been served upon T. Brady, U.S.A, by depositing a copy in the U.S. mails, postage prepaid, addressed as follows:

T. Brady, U.S.A
United States Attorney's Office
222 W. 7th Avenue
Anchorage, Alaska 99513

*[signature]*